LAURA A. MORGAN, petitioner-appellee,

*v.*

ROBERT M. MORGAN, defendant-appellant.

[Submitted February term, 1937. Decided April 30th, 1937.]

*Mr. Milton M. Unger,* for the petitioner-appellee.

*Mr. Reginald A. Creighton* and *Mr. Thomas Brunetto,* for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

This is an appeal from an order of the court of chancery denying a motion to vacate a writ of *ne exeat* and an order holding the defendant in contempt.

The defendant was in arrears for alimony and had unquestionably flouted orders of the court directing him to make payment. The wife caused his indictment in Essex county for desertion. He kept out of the jurisdiction while he was held to bail. The indictment was listed for trial and the prosecutor notified his attorney to that effect.

The proofs indicate that his attorney desired an adjournment which was granted and that the assistant prosecutor, at the suggestion of counsel for the wife, requested that defendant come to his office in Newark for a conference on the day which had been fixed for trial of the indictment.

In the state of the case there is an affidavit by the assistant prosecutor that no deception was practiced upon the defendant; that he knew his case was not to be tried and that he knew, or his attorney did, that he was to come to Newark for the purpose of discussing arrears of alimony and adjusting the situation in some way so that the indictment might be *nolle prossed.*

In compliance with this request defendant came to Newark on that day and was there served with the writ and order.

He contends that he was necessarily attending court as a defendant on a criminal charge and therefore was immune from such service. Whether or not that be so is immaterial if at the time he was a resident of this state, for it is a settled rule that a party to a suit while necessarily going to, staying at or returning from court is privileged from service in a civil proceeding if he is a non-resident of this state, but this privilege does not extend to one who is a resident. *Kulschinski* v. *Kulschinski, 112 N. J. Eq. 341;* *Brown* v. *Brown, Ibid. 600.*

The question as to residence was resolved against him by the advisory master who in his conclusions quoted from the defendant's own affidavit attached to a petition .on an application to modify the final decree as to alimony. In it he recites that his residence has been and will be in the State of New Jersey except when engaged in employment requiring temporary living elsewhere.

This affidavit was a part of the moving papers on the motion to vacate the writ and the defendant is concluded by the averments therein contained. The burden was on him to establish the fact that he was a non-resident. This he failed to do, and the advisory master properly denied the motion.

The order appealed from is affirmed.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Lloyd, Donges, Heher, Perskie, Hetfield, Wells, Wolfskeil, Rafferty, Cole, JJ. 12.

*For reversal*—Case, Bodine, Dear, JJ. 3.